| STATE OF NORTH CAROLINA | File No. 10CV011527 | |
|---|---|---|
| Wake County | FILED 2010 JUL -9 PM 1:18 WAKE COUNTY, C.S.C. BY_____ | In The General Court Of Justice ☐ District ☒ Superior Court Division |

| Name Of Plaintiff | |
|---|---|
| Stephanie Avery, et al | **CIVIL SUMMONS** |
| Address | ☒ ALIAS AND PLURIES SUMMONS |
| 4203 Twin Spires Dr | |
| City, State, Zip | G.S. 1A-1, Rules 3, 4 |
| Knightdale, NC 27545 | |

**VERSUS**

| Name Of Defendant(s) | Date Original Summons Issued |
|---|---|
| RBC BANK | |
| | Date(s) Subsequent Summons(es) Issued |

### To Each Of The Defendant(s) Named Below:

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| RBC BANK<br>301 FAYETTEVILLE STREET, SUITE 1400<br>RALEIGH NC 27601-1738 | |

### A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff) | Date Issued | Time | ☐ AM ☐ PM |
|---|---|---|---|
| Inez de Ondarza Simmons<br>5 West Hargett St., Ste 807<br>Raleigh, NC 27601 | | | |
| | Signature | | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | | |

| ☐ ENDORSEMENT<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement | Time | ☐ AM ☐ PM |
|---|---|---|---|
| | Signature | | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | | |

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

AOC-CV-100, Rev. 10/01
© 2001 Administrative Office of the Courts
(Over)

Case 5:10-cv-00329-FL Document 1-1 Filed 08/12/10 Page 1 of 40

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (Type Or Print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 10/01
© 2001 Administrative Office of the Courts

NORTH CAROLINA

WAKE COUNTY

FILED
2010 JUL -9 PM 1:18
WAKE COUNTY, C.S.C.
BY _____

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION

| Stephanie Avery and, on behalf of herself and all others similarly situated<br>Plaintiffs,<br><br>vs.<br><br>RBC BANK<br>Defendants, | ) ) ) ) ) ) ) ) ) ) ) | CLASS ACTION COMPLAINT FOR UNFAIR AND DECEPTIVE TRADE PRACTICES, BREACH OF CONTRACT, AND FRAUD AND DECEIT<br><br>(Jury Trial Demanded) |
|---|---|---|

Plaintiffs, by and through their attorneys, bring this action on behalf of themselves and all others similarly situated pursuant to Rule 23(a) of the North Carolina Rules of Civil Procedure and complain as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction of this action under Article IV Section 12 of the North Carolina Constitution and N.C. Gen. Stat. § 75-1.1, Unfair and Deceptive Trade Practices.

2. Plaintiffs do not assert any claims arising under the laws of the government of the United States of America.

3. The amount in controversy in this action does not exceed $75,000 per class member. In the alternative, each individual class member hereby waives any damages in excess of $75,000. However, Plaintiffs expect that the final total amount in controversy among all class members combined shall exceed $10,000.

4. Venue is proper in this judicial district pursuant to N.C. Gen. Stat. § 1-82.

## THE PARTIES

5. Plaintiff Stephanie Avery is a citizen and resident of Knightdale, Wake County, North Carolina and she is former customer of Defendant RBC Bank at Defendant RBC Bank's business office (bank) located in [Knightdale, North Carolina?].

6. Defendant RBC Bank (formerly Centura Bank and RBC Centura Bank) (hereinafter "Defendant") is a financial institution with principal markets in the Southern United States. It is currently owned/operated out of Toronto, Canada but it is headquartered in Raleigh, North Carolina with its principal office located at 301 Fayetteville Street, Suite 2100, Raleigh, North Carolina.

## FACTUAL ALELGATIONS

7. The members of the class defined in this civil action are those plaintiffs who have been harmed by Defendant's unfair and deceptive acts and practices described in greater detail below.

8. Defendant advertised to Plaintiffs that they could open a checking account with RBC Bank whereby they would receive a "check card" (hereinafter "debit card") to use in making withdrawals from their checking accounts.

9. Plaintiffs do not receive the customer service agreement until after they have opened a checking account. The service agreement as amended on April 1, 2009 that was sent to Plaintiffs in the Unites States Postal Mail to supplement prior service agreements.

10. Defendant's debit card looks exactly like a credit card. Like a credit card, Defendant's debit card has a magnetic strip that is run through a reader at the time of purchase to link the transaction to the customer's account. Defendant offers the debit feature in

partnership with the Visa Credit Card Company. Defendant's debit card even has the Visa logo on it and it is accepted everywhere a Visa credit card is accepted.

11. However, the debit card does not function as a credit card. Instead, it automatically debits a customer's checking account dollar for dollar every time the customer uses the debit card.

12. Unknown and unadvertised to the customer is the fact that when a customer uses the debit card the payment is immediately made to the vendor but the actual debit from the customer's checking account does not occur until after the close of Defendant's business day on the date of the transaction.

13. At the end of each business day, Defendant's computers re-sort and reorder the debits made to a debit cardholder's account that day. Instead of ordering the debits chronologically from earliest to latest, Defendant's computers order them from largest to smallest debit transaction made that day.

14. Defendant's computers then process the debit transactions based on the re-sorted and reordered transactions.

15. In turn, charging the largest debits against available funds ahead of smaller ones results in more overdrafts to the debit cardholder's account than the debit cardholder might otherwise experience. Available funds are used up in earlier-processed, but larger, transactions. This more quickly depletes the debit cardholder's total checking account funds and thereby causes the smaller transactions to also overdraft the checking account even though the smaller transactions occurred earlier and would not have overdrafted the account had they been processed earlier than the larger, later-occurring transactions.

16. Defendant charges a $35 fee for each overdraft transaction.

17. This scheme is automated and therefore not seen by the debit cardholder.

18. In addition, Defendant knows at the time of purchase whether a debit cardholder has enough funds in their checking account to cover the purchase.

19. Unlike credit card transactions, which are typically denied if the customer is over their credit limit, or other financial institutions, Defendant allows the transaction to go through the customer's account automatically even if the debit cardholder's available funds do not cover the purchase.

20. Defendant has the ability to ensure that no overdrafts ever result from the use of its debit cards by simply denying the purchase at the point of sale but Defendant purposely chooses to allow the overdraft transactions to occur in order to generate more overdraft fees.

21. Debit cardholders do not learn of the overdraft transactions until after they occur.

## CLASS ALLEGATIONS

22. Plaintiffs bring this action on behalf of themselves and others similarly situated pursuant to Rule 23 of the North Carolina Rules of Civil Procedure. This action satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of Rule 23.

23. The proposed class is defined as: All RBC bank customers in the United States who, within the applicable statute of limitations preceding the filing of this action to the date of class certification, were improperly charged Overdraft Fees or not notified of such fees when a) RBC never had to pay out more than customer's balance of their checking account; b) when the customer was provided false and misleading information about their

account balances on RBC's website or at the point of sale; c) when the customer's account has never been overdrafted; d) when RBC re-ordered customer's electronic debit transactions from the highest dollar amount to lowest dollar amount so as to deplete customer's available funds as quickly as possible while maximizing the number of overdraft fees.

24. The number of the plaintiffs is so numerous that joinder is impracticable, the number of plaintiffs of this class is within the thousands and the identity of whom is within the knowledge of and can be ascertained only by resorting to RBC's records.

25. The claims of the representative plaintiffs are typical of the claims of the putative Class in that representative Plaintiffs, like all putative Class members, were charged Overdraft fees by RBC as a result of its practice of providing false and misleading information on the bank's website and at the point of sale, re-ordering the electronic debit transactions in such a manner as to deplete customer's account as quickly as possible in order to maximize RBC's profit obtained from Overdraft Fees. The representative Plaintiffs, like all putative Plaintiffs have been damaged by RBC's misconduct because they have incurred and will continue to incur unfair and unconscionable Overdraft Fees. Furthermore, the factual basis of RBC's misconduct is common to all putative class members.

26. There are numerous questions of law and fact common to the putative Class and those common questions predominate over any questions affecting only individual putative Class members.

27. Plaintiffs' claims are typical of the claims are typical of other putative Class members, in that they arise out of the same wrongful overdraft policies and practices and the same or

substantially similar unconscionable provisions of RBC's account agreements and other related documents. Plaintiffs have suffered the harm alleged and have no claims antagonistic to the interest of any putative Class member.

28. Plaintiffs are committed to the vigorous prosecution of this action and have retained competent and experienced counsel in the prosecution of this class action. Accordingly, Plaintiffs are adequate representatives and will fairly and adequately represent the interests of the putative Class.

29. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the amount of each individual's putative Class member's claim is small relative to the complexity of the litigation, and due to the financial resources of RBC, no putative class member could afford to seek legal redress individually for the claims alleged herein. Therefore, absent a class action, the putative Class members will not be able to

## FIRST CLAIM FOR RELIEF: UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER N.C. GEN. STAT. 75-1

30. Plaintiffs reallege the allegations set forth in Paragraph 1 through 22 of this Complaint as if fully repeated herein.

31. Defendant's unfair and deceptive trade practices in or affecting commerce which proximately caused damages as outlined above to all known and unknown Plaintiffs.

## SECOND CLAIM FOR RELIEF: UNJUST ENRICHMENT

32. Plaintiffs reallege the allegations set forth in Paragraph 1 through 24 of this Complaint as if fully repeated herein.

33. Defendant was and continues to be unjustly enriched at the expense of Plaintiffs and the putative Class members under the common law doctrine of unjust enrichment.

## THIRD CLAIM FOR RELIEF: UNCONSCIONABILITY

34. Plaintiffs reallege the allegations set forth in Paragraph 1 through 26 of this Complaint as if fully repeated herein.

35. Defendant's overdraft policies and authorization practices, and the purported provisions in which Defendant reveal them to customers is in and of itself unconscionable.

36. Defendant's manner in which the Account Agreement which is drafted by Defendant and is presented to customers is procedurally unconscionable in that customers do not receive the service agreement until after they open an account with Defendant bank.

**WHEREFORE**, Plaintiffs pray:

1. For an injunction enjoining Defendant from charging Overdraft Fees, or causing Overdraft Fees to be charged, under their current policies and from engaging in the wrongful, unfair, and unconscionable practices alleged herein.

2. For Compensatory damages for all overdraft fees paid to Defendant by Plaintiffs and the putative Class, as a result of the wrongful, unfair practices alleged herein, within the applicable statutes of limitations, in an amount to be determined at trial.

3. For treble damages under N.C. Gen Stat. 75-1

4. For punitive damages in the excess of $10,000.

5. For reasonable attorneys' fees;

6. For costs of suit herein incurred; and

7. For such other and further relief as the court may deem proper.

This is the day        of July, 2010

DE ONDARZA SIMMONS LAW

_____
Inez de Ondarza Simmons
NCSB No. 34304
5 West Hargett St.
Suite 808
Raleigh, NC 27603
(919) 827-4381 tel
(919) 573-9143 fax


GURGANUS LAW

_____
Mary Gurganus
NCSB No. 33960
19 West Hargett St., Suite 211
Raleigh, NC 27601
Ph: (919) 303-2020


_____
Richard Croutharmel, Attorney at Law
NCSB No. 29165
303-200 Blake Street, Suite 211
Raleigh, NC 27601
Ph: 919-755-1113
Fax: 919-755-1162